## Mary Alice Mancini v. Ronald Joseph Mancini

[388 A.2d 414]

No. 277-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Catherine W. Scott,* Law Office of *Frank G. Mahady,* White River Junction, for Plaintiff.

*Salmon and Nostrand,* Bellows Falls, for Defendant.

**Billings, J.** This is a proceeding under the Uniform Reciprocal Enforcement of Support Act (U.R.E.S.A.), 15 V.S.A.

§§ 385 et seq. Plaintiff, a Connecticut resident, commenced the action in early February, 1977, by filing a petition for support in the Court of Common Pleas in Connecticut. In the petition, plaintiff alleged that she and her six minor children were entitled to support from the defendant and that defendant had refused since early January, 1977, to provide fair and reasonable support in accordance with the order of the Superior Court, Family Relations Division, of Connecticut. She further alleged in the petition that defendant was residing in Vermont. Finally, plaintiff asked in her prayer for relief "for such an Order for Support, directed to said [defendant], as shall be deemed to be fair and reasonable, and for such other and further relief as the law provides."

After a hearing, at which plaintiff testified, the Court of Common Pleas certified the cause to Vermont stating that plaintiff had testified to a need for support of $340 per week, which was the sum ordered by the Superior Court, Family Relations Division. Thereafter, the District Court of Vermont issued a summons to defendant to appear to show cause why the order for support prayed for by the petition filed with the Court of Common Pleas should not be entered. The summons, the certificate by the Court of Common Pleas, and the petition filed by the plaintiff were all served on the defendant.

At the hearing on June 6, 1977, plaintiff introduced evidence of her needs for support for herself and the minor children. Also, over the objection of defendant, she introduced an order of the Superior Court of Connecticut, dated April 14, 1977, that found the defendant to be in arrears the sum of $7,615.81 under the prior Superior Court support order for the period from early January, 1977, to date. Plaintiff also testified that defendant had made no support payments after April 15, 1977. On July 7, 1977, the trial court issued an order for support providing for defendant to pay $50.00 weekly support and to pay $9,995.00 in arrearages by July 15, 1977. The court also ordered the case reviewed on August 31, 1977. On September 2, 1977, the trial court found defendant in contempt for failure to comply with the arrearage order and sentenced him to six months imprisonment, sentence stayed with $3,000 cash bail pending appeal. Defendant now appeals

from those portions of the decisions of the trial court relating to the arrearage order and the finding of contempt.

Defendant raises three claims of error in this Court. He first charges that the trial court erred in finding him in contempt for failure to pay the arrearages, because he did not have the ability to pay, and because the trial court did not allow him to present evidence regarding his ability to pay and failed to make findings in connection therewith. Secondly, defendant claims that a finding by the trial court that he had approximately $16,000.00 to $17,000.00 in cash was not supported by the evidence. Lastly, defendant claims that the award of arrearages is erroneous, because the subject of arrearages was not properly before the trial court for two reasons: first, he charges that an order of support made pursuant to a petition under 15 V.S.A. §§ 395–422 may not encompass the subject of arrearages; secondly, he claims that the summons, certificate and petition served upon him provided no notice that arrearages would be claimed by the plaintiff at the hearing. We only consider defendant's last claim of error since it is dispositive of the entire cause.

■ Defendant asserts that an obligation to pay arrearages due under a foreign support order may not be enforced by a civil petition under 15 V.S.A. §§ 395–422. He claims that the sole method of enforcing the support order made by the Connecticut Superior Court, Family Relations Division, is found in 15 V.S.A. §§ 423–428, which provides for registration of foreign support orders. We disagree.

Under U.R.E.S.A., the duty of support is defined to include "the duty to pay arrearages of support past due and unpaid." 15 V.S.A. § 386(2). Moreover, 15 V.S.A. § 397 provides: "All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this chapter including a proceeding for civil contempt." Also, 15 V.S.A. § 411 provides that if an action is based on a support order issued by another court "a certified copy of the order shall be received as evidence of the duty of support," subject only to the defense of nonpaternity, 15 V.S.A. § 415, or to any defense available to a defendant in an action or proceeding to enforce a foreign money judgment. Thus, it is clear from the statutory scheme that an order of support made pursuant to a petition

under 15 V.S.A. §§ 395–422 may order payment of arrearages when the petition seeks such arrearages.

■ In the instant case, the petition for support alleges only that defendant from early January, 1977, "refused and neglected to provide fair and reasonable support . . . according to his means and earning capacity, in accordance with the Order of the Superior Court, Family Relations Division" of Connecticut. The prayer for relief asks only for a fair and reasonable "Order for Support," and "for such other and further relief as the law provides." Nowhere does the petition specifically state that arrearages will be sought in the support proceeding.

■■ Under the District Court Civil Rules, any claim for relief must contain a short and plain statement of the claim and a demand for judgment for the relief sought. D.C.C.R. 8(a). The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests. See *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957). "[S]ufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." 2A J. Moore, Federal Practice ¶8.13, at 1705 (2d ed. 1975) (footnote omitted). While, except as to a judgment by default, the relief granted a party in a final judgment is not limited to the relief demanded in the prayer for relief, D.C.C.R. 54(c), the prayer is not meaningless and "may be helpful in indicating the relief to which plaintiff is entitled." 10 C. Wright & A. Miller, Federal Practice & Procedure § 2662, at 93 (1973) (footnote omitted). Merely alleging a breach of the duty of support under the prior Connecticut support order plus a prayer for an order of support and such additional relief as the law provides is insufficient to give fair notice to the defendant that arrearages under that support order from the time of the breach will be sought in the present proceeding. If plaintiff contemplated seeking arrearages at the hearing, she should have asked for them by name in her prayer for relief. Because defendant was not afforded fair notice of the claim for arrearages, we must vacate those portions of the trial court's orders relating to

arrearages and to the finding of contempt with resulting sentence.

*The portions of the trial court's orders relating to arrearages and to the finding of contempt with resulting sentence are vacated; the remainder of the trial court's orders are affirmed.*