## Vincent A. Paradis and Elizabeth Eileen S. Paradis v. Warren E. Kirby and Eileen G. Kirby

[418 A.2d 863]

No. 364-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed July 28, 1980

*Vincent A. Paradis,* Essex Junction, for Plaintiffs.

*Karl W. Neuse,* Middlebury, for Defendants.

**Hill, J.** This action was brought by plaintiffs, Paradis, to determine the boundary line between their property and the

property of the defendants, Kirby. From a judgment favorable to the plaintiffs, defendants appeal. We affirm.

The facts found by the court disclose that in 1926 one Robert Moorby owned land on Potash Bay in Lake Champlain. On July 6 of that year he conveyed two parcels, one to William Norton and one to Belle Norton. The William Norton parcel was bounded on the west by the easterly boundary of the parcel conveyed that day to Belle Norton. It was bounded on the east by land of one Dereau, on the north by Lake Champlain and on the south by a ten-foot-wide roadway. A right of way over the roadway in common with others was also included in the conveyance. This parcel had a frontage of 368 feet along the roadway. The southwesterly corner was marked by an iron pin.

Mary Norton, the successor to William Norton, conveyed two parcels immediately west of Dereau with a total frontage along the roadway of 165 feet. Both conveyances contained the right of way over the roadway. The second conveyance, to one Milliken, contained a metes and bounds description, and the parties agree that its westerly line was fixed by those courses and distances and that that line constitutes the easterly line of the plaintiffs.

In 1938, Mary Norton sold a small triangular piece to Nina Whittie, Hazel Payne and Hazel B. Payne, Trustee for Isabelle K. Payne. This piece was described as follows:

> It being a triangular piece of land lying adjacent to property owned by Nina M. Whittie, Hazel B. Payne and Hazel B. Payne as trustee for Isabelle K. Payne: starting at an iron pin and running in a southerly direction a distance of 62 ft. 4 in. to an iron pin; thence southwesterly a distance of 24 ft. 9 in.; thence northeasterly a distance of 69 ft. 9 in., to an iron pin, and the place of beginning. This deed also conveys to the grantees the right to use a strip of land ten feet wide next southerly of the southerly line of the property herein conveyed in common with others as a driveway.

Mary Norton conveyed no other parcels prior to her death in 1941.

By administratrix's deeds the easterly one-half of the remaining property was conveyed to Charles Norton, a predeces-

sor in title to the plaintiffs; the westerly one-half was conveyed to James McNulla, a predecessor in title to the defendants. There were no dimensions, metes, bounds or angles mentioned in either of these deeds.

In 1978 the defendants erected a stockade fence along a line which they declared to be the true boundary line between the parties. This action followed.

The parties have agreed and the court found that it was the intent of the administratrix of the Mary Norton estate to divide the remaining land area equally between Charles Norton and James McNulla. Its easterly boundary line was fixed by the Milliken westerly line, the northerly boundary was Lake Champlain, and the southerly boundary was the 10-foot-wide roadway.

In dispute is the westerly boundary of the Mary Norton parcel. Three surveyors, qualified as experts, testified at the trial. The line as found by the court followed the testimony and exhibits of the plaintiffs' surveyor, Lee Lowell. This finding will be accepted unless clearly erroneous despite inconsistencies or substantial evidence to the contrary. *Monet* v. *Merritt*, 136 Vt. 261, 265, 388 A.2d 366, 368 (1978). Viewing the evidence in the light most favorable to the prevailing party, *Tallarico* v. *Brett*, 137 Vt. 52, 58, 400 A.2d 959, 963 (1979), we find a point 368 feet westerly of the southwest corner of Dereau was agreed by all the surveyors to represent the southwest corner of the William Norton property. In the deed from Moorby to Belle Norton reference was made to a large red rock as marking the northeast corner of the property conveyed to her. As the Belle Norton and William Norton conveyance had a common boundary, it follows that this rock would mark the northwest corner of the William Norton property. The westerly line would then start at the iron pin marking the southwest corner of the William Norton property and run northerly to the large red rock said to be on the shore of Lake Champlain. The plaintiffs' surveyor could not locate this rock. The court found that it had been moved by a previous owner of the defendants' property. This finding is borne out by the testimony of a previous owner of defendants' land.

Lacking the location of that particular red rock, a search of the title to the plaintiffs' property disclosed a deed from

Charles Norton to one Kent, a predecessor in title to plaintiffs, dated June 1955 reciting a frontage of 101.5 feet on Lake Champlain. The search also disclosed a deed in defendants' chain of title from James McNulla to one Jackman dated June 1945, which also recited a frontage on the lake of 101.5 feet. These distances have been carried down through the successive deeds to the plaintiff and defendant.

Lowell measured the shoreline 203 feet westerly from the Milliken northwest corner to establish the northwest corner of the William Norton property. He divided the frontage along the road and ran a line to the shore of Lake Champlain which in turn divided the shore front. To account for the small triangular piece conveyed by Mary Norton he "backed off" along the shore until the boundary line would grant each of the parties an almost equal area as intended by Mary Norton's administratrix.

The defendants claim that the line along the road should not be one-half of 203 feet but rather one-half of 178.25 feet. They claim that the small triangular piece conveyed to Nina M. Whittie et al. must be placed along the roadway at the southwest corner of the property. This would mean 24.75 feet along the roadway would have been taken from the 203-foot frontage remaining and thus place the boundary line 89.125 feet from the Milliken southwest corner. This result is based on the assumption that the triangular piece is found along the roadway commencing at the southwest corner of the William Norton property.

This is not necessarily true. Nowhere in the description contained in the Whittie deed is the starting point of the parcel fixed with any particularity. Each of the experts agreed that the parcel could be placed anywhere along the roadway. Nowhere is it stated that the frontage along the road must be divided equally. Lowell accounted for the triangular piece in computing the total area of the remaining Mary Norton land which is all he was required to do. The area found for each of the parties is almost exactly the same, and the basis on which the court found the boundary line is justified by the evidence. There was a clear intent to convey a specific area (*i.e.,* one-half to each grantee), and quantity may be essential and controlling where other parts of the description are not sufficiently

certain. *Parrow* v. *Proulx,* 111 Vt. 274, 281, 15 A.2d 835, 838 (1940).

The defendants also claim that the trial court made numerous other errors of fact not supported by the evidence. They point to a finding relative to the triangular piece conveyed to Whittie. They renew their claim that there is only one position into which that conveyance can be platted. As discussed previously, the record does not bear out this claim.

They object to another finding which is the ultimate finding by the court of the location of the western boundary as that contained in Plaintiffs' Exhibit #1. They contend that the total area of the original parcel conveyed by Moorby to Norton could not be two acres and thirty rods. When claims of error are made, it is incumbent upon the claimant to show that he has been prejudiced as a result. *Monti* v. *Town of Northfield,* 135 Vt. 97, 99, 369 A.2d 1373, 1375 (1977). This the defendants have failed to do.

■ After the court submitted its original findings of fact and conclusions, the defendant requested and was granted permission to reopen its case to present evidence of a third surveyor. They now claim error in the court's failure to make new findings based upon his testimony. The court is not obliged to make new findings if in its opinion the original findings are adequate. After the reopened hearing the court did, in a subsequent conclusion, comment upon the defendants' claim and the effect on that claim of the testimony of their new expert. It also enlarged on the testimony of the plaintiffs' surveyor.

> The plaintiffs' surveyor was candid in saying that he could not determine the location of the triangular piece with any accuracy to use it in determining the KIRBY westerly boundary. The Court concludes that the plaintiffs' assessment was the more appropriate one to take, and that the boundary should be determined without reference to the triangular piece. While we recognize the evidence used by the plaintiffs in establishing the western line of the KIRBY lot is not as strong as we would like it, we conclude that it was the best line presented to us.

*Judgment affirmed.*