### Concra Corporation, d/b/a Colonial Advertising Agency v. W. Otis Andrus and John Holmes Andrus

[446 A.2d 363]

No. 295-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

*Smith, Harlow & Liccardi*, Rutland, for Plaintiff.

*Williams, Williams & Vreeland, P.C.*, Poultney, for Defendant.

**Billings, J.** Plaintiff-appellee filed a complaint in the Rutland Superior Court against both defendants for the balance due

for advertising services. The trial court found that the two defendants had engaged in a real estate business and that as partners they were jointly and severally liable for the debt. Only the defendant W. Otis Andrus appeals the judgment of $9,676.57.

Defendant claims that he is not a partner and is not jointly liable with his brother, defendant John Holmes Andrus. He raises the following issues for review: (1) that the partnership issue was not pleaded or tried; (2) that the trial court's failure to compel an answer to defendants' interrogatories prevented defendant from presenting a defense; (3) that the defendants requested permission, which was granted by the trial court, to examine an exhibit after trial in order to prepare requests for findings but that he was prevented from examining the exhibit prior to filing his requests; (4) that the findings and conclusions are not supported by the evidence; and (5) that the trial court erred in basing its judgment in part upon the wrongful acts of a partner under 11 V.S.A. § 1205 because this issue was not alleged, tried, or proved.

■ First, defendant claims that the issue of partnership was not pleaded nor tried below. Pursuant to V.R.C.P. 8 plaintiff's complaint simply, concisely, and directly alleged contract liability on the part of the defendants. Defendant had fair notice of the claim and grounds upon which it rests. *Mancini* v. *Mancini*, 136 Vt. 231, 234, 388 A.2d 414, 416 (1978). Even if the complaint was not as precise as might be desired, the record is replete with numerous references in the evidence, statements of counsel, and requests for findings by the defendants that the crucial issue was whether the defendants were partners and hence jointly liable. Because the partnership issue was tried without objection, it is treated as having been raised by the pleadings. V.R.C.P. 15(b); *Valsangiacomo* v. *Paige & Campbell, Inc.*, 136 Vt. 278, 280, 388 A.2d 389, 391 (1978). No error appears here.

■ Second, defendant claims the trial court erred in failing to compel answers to interrogatories. The defendants filed interrogatories pursuant to V.R.C.P. 33 in January 1980. In

July 1980, defendants moved for an order compelling plaintiff to answer, V.R.C.P. 37(a)(2), and in August 1980 the court issued an order to compel. Plaintiff answered by the court's deadline, although defendants claim the answers were incomplete. A week before trial in April 1981 defendant asked for a hearing on the motion to compel. Defendants, however, proceeded to trial and only then did they raise the issue. The trial court recessed to allow the defendants to look over the relevant documents. The defendants then proceeded with the trial without making any objection or alleging any prejudice. On appeal the defendants still fail to show any prejudice, and therefore at best it was harmless error not to hear the motion to compel. *Paradis* v. *Kirby*, 138 Vt. 524, 528, 418 A.2d 863, 865 (1980). In addition it should be noted that at oral argument defendant admitted that any discovery issue had now been waived.

■ Third, defendant claims that he was unable to examine, after the conclusion of the trial and prior to filing his request for findings, an exhibit introduced at trial, purported to be pages from plaintiff's accounts receivable, even though he had requested such permission, and it had been granted. Defendant raises this issue here for the first time. He did not file a motion for enlargement of time in which to file requests for findings or any other appropriate motion below. Nor did he bring this matter to the attention of the trial court either before or after judgment was entered. This Court will not review issues that were not raised below. *Berlin* v. *Berlin*, 139 Vt. 339, 340, 428 A.2d 1113, 1114 (1981).

■■ Fourth, defendant claims that the findings of fact and conclusions of law are not supported by the evidence. Findings of fact shall not be set aside unless clearly erroneous. V.R.C.P. 52. When the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary. *Stamato* v. *Quazzo*, 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980); *Frogate* v. *Kissell*, 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980).

On the record here there is ample evidence to support a finding of partnership, 11 V.S.A. § 1161(a)[1]: advertising for the real estate agencies of both defendants was placed with the plaintiff; both defendants used the same telephone number and address; both defendants placed advertising for the same properties; both defendants made payments on account as well as having made payment from corporations in which both had an interest; when the real estate license of one of the defendants was first suspended and later permanently revoked the business operated under the other defendant's license; and although it was conflicting, there was testimony that the defendant-appellant received profits from the real estate office operation.

In viewing all the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence as we must do, the findings are amply supported. *Stamato* v. *Quazzo, supra*, 139 Vt. at 158, 423 A.2d at 1203; *Tallarico* v. *Brett*, 137 Vt. 52, 58, 400 A.2d 959, 963 (1979). The trial court's conclusions of law, that the defendants associated as co-owners to carry on a real estate business for profit, 11 V.S.A. § 1161(a), and that the defendants are jointly liable, 11 V.S.A. § 1207(2), are supported by the trial court's findings of fact which in turn are amply supported by the evidence. It makes no difference that the parties may not have known that their association created a partnership. *Raymond S. Roberts, Inc.* v. *White*, 117 Vt. 573, 577, 97 A.2d 245, 248 (1953).

Finally, the defendant claims that the trial court erred in holding the parties jointly and severally liable on the basis of a tort committed by a partner. 11 V.S.A. §§ 1205, 1207(1). We agree there was error, but find it was not prejudicial. Tort liability was not pleaded or tried, *Mancini, supra*, 136 Vt. at 234, 388 A.2d at 416, and the trial court's findings support contract liability only.

Partners are both jointly and severally liable for torts and breaches of trust, 11 V.S.A. § 1207(1), but they are

---

[1] 11 V.S.A. § 1161(a) defines partnerships: "A partnership is an association of two or more persons to carry on as co-owners a business for profit."

only jointly liable for contract liability, 11 V.S.A. § 1207(2). Therefore, the lower court erred in holding the defendants both jointly and severally liable. Under 11 V.S.A. § 1207 they are only jointly liable.

As both parties were joined, the distinction at this stage of the proceeding is academic. We raise it only to avoid any potential confusion. Even though a judgment is joint, payment of the entire judgment may be levied against and satisfied by any one of the parties held jointly liable. *Traylor v. Grafton*, 273 Md. 649, 672, 332 A.2d 651, 672 (1975).

*Affirmed as to joint liability. Reversed as to several liability.*