**Earle Lanphere and Floyd Lanphere, Co-Administrators of the Estate of Curtis A. Lanphere v. Robert Beede**

[446 A.2d 340]

No. 292-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

*Leo A. Bisson, Jr.*, of *Downs Rachlin & Martin, P.C.*, St. Johnsbury, for Plaintiffs.

*Ernest E. Goodrich,* St. Johnsbury, for Defendant.

**Per Curiam.** Plaintiffs-appellees brought a declaratory judgment action against defendant-appellant in Essex Superior Court to determine the location of the north/south boundary between the lands of the parties. The parties agreed that the north/south boundary was what had been known as the "Old Pike Mill Road" and so the location of this road was the sole issue to be determined. Both parties presented lay and expert witnesses as well as supporting documents in support of their respective claims. At the conclusion of the trial, the parties agreed to accept an oral decision. The trial court then orally found that the road was located as claimed by the plaintiffs, and a judgment order was issued. The defendant appeals claiming: that the trial court's determination is not supported by the evidence; that the court should have made more extensive findings; and further claims, for the first time on appeal, that certain testimony, surveys, and documents, some of which were produced by plaintiffs' surveyor, should not have been admitted in evidence.

V.R.C.P. 52(a) requires a trial court to make findings of fact only when they are requested by a party either on the record or in writing. Here, not only did neither party request findings either before or after judgment, but they affirmatively on the record agreed to accept an oral notice of decision. Defendant has waived any rights to now ask for more extensive findings. *Schwartz* v. *Town of Norwich,* 137 Vt. 130, 131, 400 A.2d 991, 992 (1979).

Findings of fact and conclusions of law are desirable because they are helpful in appellate review, but they are not always necessary for purposes of review. *Chittenden Trust Co.* v. *Maryanski,* 138 Vt. 240, 243, 415 A.2d 206, 208 (1980). In the absence of findings of fact we will examine the record to see if a given result is supportable upon the assumption that the trial court had the evidence in mind. *Id.* Under this standard we assume that the trial court made all findings of fact necessary to support the result, but these presumed findings must not be clearly erroneous, and the result must be legally supportable. *Id.* On appeal we view the

evidence in the light must favorable to the prevailing party. *Paradis* v. *Kirby*, 138 Vt. 524, 526, 418 A.2d 863, 864 (1980).

■ ■ Essentially, defendant's argument goes only to the weight of the evidence presented below, which we have repeatedly held to be for the trier and not for us. *Schwartz, supra,* 137 Vt. at 131, 400 A.2d at 992. Two surveyors qualified, without objection, as experts, and testified as to the location of the disputed boundary. The line found by the trial court followed the testimony and exhibits of one of them. In boundary disputes, such a finding, unless clearly erroneous, will be accepted on appeal despite inconsistencies or substantial evidence to the contrary. *Paradis* v. *Kirby, supra,* 138 Vt. at 526, 418 A.2d at 864. The trial court's decision is amply supported and is without error.

■ ■ The defendant, although admitting that he did not object below to any of the exhibits offered or to the testimony of the plaintiffs' expert as well as several lay witnesses, now claims that such evidence should have been objected to because there was no proper foundation or it was hearsay. Contentions not raised or fairly presented to the trial court are not preserved for appeal. *Sanville* v. *Williams*, 138 Vt. 498, 501, 418 A.2d 860, 862 (1980). Matters raised for the first time on appeal are not considered on appellate review. *Monti* v. *Town of Northfield,* 135 Vt. 97, 99, 369 A.2d 1373, 1376 (1977).

*Affirmed.*