417 So.2d 1376 (1982)
Frank LANDRY
v.
Steven K. FAULKNER, Jr., and William M. Barnett.
No. 12998.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1982.
*1377 Frank Landry, in pro. per.
E. Phelps Gay, Christovich & Kearney, New Orleans, for defendants-appellees.
Before REDMANN, SCHOTT and KLEES, JJ.
KLEES, Judge.
In late 1977, Plaintiff retained Defendant-Faulkner to represent him in a lawsuit against Plaintiff's tenant, Tropical Press, Inc., seeking to have the tenant pay for an increase in insurance premiums pursuant to a lease agreement. This suit was Civil Action No. 77-16183 of the Civil District Court for the Parish of Orleans. An answer on behalf of the tenant and its guarantor, Retail & Diversified Collection Bureau, Inc. was filed by their attorneys. On the morning of the trial of that lawsuit, February 13, 1979, the parties reached an agreement settling the case. The terms of the settlement were that Mr. Landry would receive $2,624.00 and in return would agree to a termination of the lease agreement and dismiss the lawsuit. Specifically, the tenant agreed to vacate the leased premises on or before April 30, 1979, at which time, assuming all the terms and conditions of the lease were complied with, plaintiff agreed to execute a cancellation and termination of the lease wherein the tenant and its guarantor would be released from any further liability under that lease agreement.
This agreement was reduced to writing and was signed by Plaintiff. Upon signing the release the settlement funds were distributed to plaintiff, accepted by him and subsequently negotiated.
Sometime after this, plaintiff became upset by the manner in which the tenant vacated the premises. He took the position that since Tropical Press had left the premises in violation of the lease agreement, its obligations under the lease never actually terminated and he was entitled to continuing rent. He therefore requested Defendant-Faulkner to file a second lawsuit on his behalf, which lawsuit was Civil Action No. 79-8010. This lawsuit was tried before Judge Richard J. Garvey and resulted in a judgment for defendants, rendered on or about March 18, 1980. In his Reasons for Judgment, Judge Garvey found that the lease had been terminated by agreement of the parties on April 30, 1979. He further stated that if the tenant had caused some damage to the property, a suit for those damages would be in order.
At this point, Plaintiff became quite upset and began writing letters to Judge Garvey, *1378 Judge Early, and defendant attorneys regarding a supposed violation of Rule 16 of the Civil District Court for the Parish of Orleans and other complaints. Because of his inability to control Plaintiff in this regard, Defendant-Faulkner deemed it advisable to withdraw his representation of Plaintiff and accordingly wrote him a letter to this effect on June 17, 1980. Defendant-Faulkner also advised Plaintiff that further pursuit of the litigation would be financially unsound because the defendants had gone through liquidation and had no apparent assets upon which to execute. Upon receiving this letter, Plaintiff was advised of the period of time in which to file an appeal and had over forty (40) days in which to retain another attorney and file such an appeal if he wished to do so. No appeal was filed and the judgment is now final.
Plaintiff subsequently filed this suit, first alleging that the settlement of his first lawsuit constituted a "non-legal oral agreement" in violation of Rule 16 of the Civil District Court for the Parish of Orleans; second claiming that Defendant-Barnett, who was Tropical Press Inc.'s attorney, advised him that he would personally supervise the exits of the lessees, for the benefit of the plaintiff to assure that the lessees left the premises in accordance with the terms of the release; and third, claiming that Defendant-Faulkner improperly terminated their attorney-client relationship leaving him without representation for appeal of his second lawsuit. Peremptory exceptions of prescription and no cause of action were filed by the defendants. After a hearing the exceptions were maintained and the plaintiff's suit was dismissed.
Plaintiff appeals contending that the compromise entered into by the parties was invalid because it was in violation of Rule 16 of the Rules of Court for the Civil District Court for the Parish of Orleans. Rule 16 reads as follows:
No stipulation between or among attorneys or parties outside the presence of the Judge with respect to the proceedings in a case will be recognized by the Judge, unless it is in writing, signed and filed as a part of the record.
Plaintiff's contention is without merit because Rule 16 does not prevent or preclude an "out of court" compromise entered into between the parties to a suit. Such a compromise is governed by Article 3071 of the Civil Code which reads as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which everyone of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
In this case the execution of the compromise agreement by plaintiff, coupled with the distribution of settlement funds by the lessees and subsequent negotiation by plaintiff constituted a valid compromise under LSA-C.C. Art. 3071, Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981).
The plaintiff in the present suit additionally argues that there was an oral contract with Defendant-Barnett, besides the written agreement relative to Defendant-Barnett's personal supervision of lessee's exit under the terms of the lease. However, there is wording in the release, which was reduced to writing after the parties verbally agreed, that is inconsistent with the plaintiff's claim. This portion of the release reads as follows:
I warrant that no promise or inducement not herein expressed has been made to me; that in executing this Release, I am not relying upon any statement or representation made by any person or party released or their agents and representatives concerning the nature or extent of *1379 the losses or damages sustained by me or the legal liability therefore, or concerning any other thing or matter; that the abovementioned payment is received by me in compromise settlement and full satisfaction of all the aforesaid claims and demands, actions and causes of action whatsoever; that I am of full age and legally competent to execute this Release, and that before signing and sealing of this Release, I have fully informed myself of its contents and meaning and have so executed it with full knowledge thereof.
Since this language is inconsistent with the plaintiff's claim that Defendant-Barnett promised to supervise the lessee's exit to assure that it would be done in accordance with the terms of the release and since it was drafted and signed after this so-called oral contract the writing supersedes the oral agreement. The release is complete on its face and no parol evidence regarding an oral contract can be admitted to vary its terms.
Therefore, since the release speaks for itself and indicates that Plaintiff is not relying upon any statements or representations made by any persons or parties releases, the trial court properly concluded that the plaintiff has no cause of action against Defendant-Barnett for breach of any contractual duty.
Finally, the plaintiff, in essence, claims that Defendant-Faulkner improperly withdrew as his counsel leaving him without representation for an appeal.
The plaintiff merely states in his petition that Defendant-Faulkner terminated their attorney-client relationship leaving him without representation for an appeal. However, the plaintiff attached Defendant-Faulkner's letter to his petition wherein Defendant-Faulkner indicated his reasons for withdrawal. He stated that it was unlikely that an appeal would be economically feasible since the defendant-lessees had gone into dissolution; and that Plaintiff's letters to the judges and opposing counsel regarding the attorney's responsibilities were inappropriate and left him with the feeling that he no longer felt he could represent Plaintiff.
As indicated earlier the court must accept as true the allegations of fact contained in the petition and the documents attached thereto and those allegations establish that Defendant-Faulkner did not terminate the attorney-client relationship without lawful cause. Defendant-Faulkner's letter, an exhibit attached to the plaintiff's petition, establishes that he and Plaintiff's relationship had become antagonistic and that Plaintiff's conduct stretched their relationship beyond the point where Defendant-Faulkner could deal reasonably with Plaintiff. These reasons amply support the termination of an attorney-client relationship. See Fishman v. Conway, 57 So.2d 605 (La.App.Orl.1952).
Appellees have answered this appeal seeking damages for frivolous appeal. Our reading of the record convinces us that Plaintiff has brought this appeal in good faith and accordingly we deny Defendant-Appellees' claim; accordingly for the reasons previously discussed the judgment of the trial court is affirmed. Costs to be borne by appellant.
AFFIRMED.