# Cornelius Furgueson, Trustee for Anita B. Dunstan v. Edmund F. Dunstan, Jr.

[465 A.2d 1356]

No. 167-81

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 6, 1983

*Valsangiacomo & Detora, P.C.*, Barre, for Plaintiff-Appellee.

*Rice and Knosher*, Montpelier, for Defendant-Appellant.

**Billings, C.J.** This is an appeal after final judgment from an order of the Washington Superior Court denying defendant-appellant's motion to permit the out-of-state taking of a deposition of the settlor of the trust here involved.

It is undisputed that the settlor is a nonparty, is a resident of New York state, and at all times relevant was physically unable to travel to Vermont. After giving notice of the deposition to the other parties in the action, defendant requested the Washington Superior Court to issue an order permitting defendant to take the oral deposition of the settlor in New York City. The trial court ultimately denied this request on the grounds that, since defendant had not served the settlor with a subpoena, the court was without authority to issue an order compelling discovery of a nonparty nonresident.

Under V.R.C.P. 30(a), a defendant is entitled to take the deposition of any person by oral examination. V.R.C.P. 30(b)(1) provides that a party seeking to take the deposition must give timely written notice thereof to the other parties in the action. This the defendant did. In order to compel attendance of a nonparty witness, however, a subpoena must ordinarily be served upon the witness under V.R.C.P. 45. V.R.C.P. 30(a); see also 8 C. Wright & A. Miller, Federal Practice and Procedure § 2107 (1970).

Defendant acknowledges that he did not serve a subpoena on the settlor, but argues that none was necessary. Rather, he maintains that the controlling provision in cases where a party seeks to depose a nonresident nonparty is V.R.C.P. 28(b). That rule allows for the issuance, by the Vermont court, of a commission authorizing the taking of a deposition outside the state. Once such commission issued, defendant argues, he would have been able to seek its enforcement in the courts of New York, under N.Y. Civ. Prac. Law § 3102(e) (McKinney 1970). Defendant concludes with a gratuitous assertion that "the Vermont court's refusal to issue an order allowing discovery will be looked upon in the New York court as a reason to deny any requests for discovery in that forum."

The New York provision cited above reads in pertinent part as follows:

> (e) *Action pending in another jurisdiction.* When under any mandate, writ or commission issued out of any

> court of record in any other state . . . , *or whenever upon notice* or agreement, it is required to take the testimony of a witness in the state, he may be compelled to appear and testify in the same manner and by the same process as may be employed for the purpose of taking testimony in actions pending in the state. The supreme court or a county court shall make any appropriate order in aid of taking such a deposition.

*Id.* (emphasis added).

As the Practice Commentaries following the statute make clear, this section is "designed to make available the machinery of the New York judiciary to secure disclosure from any person subject to New York jurisdiction for use in a proceeding in any other jurisdiction." N.Y. Civ. Prac. Law § C3102:9, at 268. Moreover, the commentaries go on to state that:

> while [the statute] contemplates that an order or mandate of a foreign tribunal may request the New York court's aid it does not limit its use to such an instance. An agreement between the foreign parties suffices to invoke the court's aid. *The statute even says that a "notice" suffices.*

*Id.* (emphasis added).

Thus, under the New York statute defendant needed nothing beyond proof of the notice of deposition given under V.R.C.P. 30(b)(1) to seek an enforcement order in the New York courts. Nevertheless, both before and after refusal of the Vermont court to issue the requested order, defendant admittedly neither sought to serve the settlor with a subpoena nor attempted to seek relief in New York. Instead, he proceeded to trial in Vermont without the deposition, and then took this appeal after final judgment against him.

■■ Although defendant correctly argues here the applicability of V.R.C.P. 28(b) to actions of this sort, he neither cited that rule nor tracked its "commission" language in the motion for discovery which he submitted below. More importantly, while the Vermont court had authority to issue such a commission, its failure to do so did not prejudice defendant, for he never sought the relief to which he was already entitled,

without the commission, in the New York courts. When claims of error are made, it is incumbent upon the claimant to show that he has been prejudiced thereby. *Concra Corp.* v. *Andrus*, 141 Vt. 169, 173, 446 A.2d 363, 365 (1982) ; *Paradis* v. *Kirby*, 138 Vt. 524, 528, 418 A.2d 863, 865 (1980). As defendant has failed to do this, the court's refusal to issue the requested order was harmless. With the deposition a matter of right on the giving of notice, V.R.C.P. 30(a), defendant's contention that refusal to issue a confirmatory order would "dampen the New York court's enthusiasm" to afford him relief borders on the frivolous. We can only assume that a New York court would follow its statutory mandate.

*Affirmed.*