## Johnson Building Specialists v. Robert Brennan/Premium Chemicals

[488 A.2d 438]

No. 83-330

Present: **Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed January 18, 1985

*Harold E. Eaton, Jr.,* of *Miller, Norton & Cleary,* Rutland, for Plaintiff-Appellee.

*Robert A. Brennan,* pro se, Rutland, Defendant-Appellant.

**Per Curiam.** Defendant, Robert Brennan, appeals the judgment of the small claims court awarding the plaintiff, Johnson Building Specialists, $301.04 plus interest and costs for building materials which the plaintiff alleged it sold to Robert Brennan, for Premium Chemicals, during the period March 1 to September 30, 1979.

Robert Brennan maintained prior to and during the hearing on the merits that all of the purchases were made by him for his corporation, Premium Chemicals Company, and not for himself personally, and that plaintiff was well aware of this at the time. He further contends that the only reason plaintiff sought a judgment against him personally was because it knew his corporation went out of business in 1980.

The sole issue on appeal then is whether the trial court erred when it entered judgment against the defendant, Robert Brennan, doing business as Premium Chemicals.

At the close of the evidence the court made oral findings of fact that the plaintiff sold building materials "to the Defendant, Robert Brennan, doing business as Premium Chemicals." The court further found "that there was no agreement by Plaintiff to sell goods to a corporation. The goods were sold to the Defendant, Robert Brennan."

Findings of fact stated orally and recorded in open court at the close of the evidence are sufficient and shall not be set aside on appeal unless clearly erroneous. D.C.C.R. 52(a).

We are ever mindful that due regard must be given to the opportunity for the trial court to judge the credibility of the witnesses and the weight of the evidence. " 'When the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary.' " *LaFlamme* v. *Church,* 143 Vt. 219, 220, 465 A.2d 268, 269 (1983) (quoting *Concra Corp.* v. *Andrus,* 141 Vt. 169, 173, 446 A.2d 363, 365 (1982); citing *Stamato* v. *Quazzo,* 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980)).

The record discloses evidence fairly and reasonably tending to support the court's findings and judgment.

*Affirmed.*