## Ann L. Chaker v. Mouhanad Chaker

[520 A.2d 1005]

No. 85-389

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 19, 1986

*Jarvis and Kaplan*, Burlington, for Plaintiff-Appellee.

*Paul R. Morwood*, Burlington, for Defendant-Appellant.

**Hill, J.** Defendant appeals the denial of his motion for a new trial, in which he alleged that the trial court erred in granting his counsel's motion to withdraw. We reverse and remand for a new trial.

This divorce case was tried on a contested basis over four days throughout a six-week period in February and March of 1985. At the end of the third day of trial, March 26th, defendant's attorney filed a motion to withdraw as counsel for the defendant. The motion was promptly granted, and the defendant proceeded pro se the following day, the fourth day of trial. Following entry of the court's final divorce order,* defendant moved for a new trial

---

* There appear to be defects in the trial court's final divorce order which would normally render it invalid, thus precluding direct appeal to this Court. Nevertheless, neither party has raised this issue, so "[i]n the interest of expediting

based on the court's handling of the motion to withdraw. The motion was denied, and this appeal followed.

■ We note first that the trial court made no findings of fact or conclusions of law in support of its decision on the motion to withdraw. Under V.R.C.P. 52(a), the court is not required to do so in a case such as this, where no request is made. *Lanphere* v. *Beede*, 141 Vt. 126, 128, 446 A.2d 340, 341 (1982). Although findings of fact and conclusions of law are preferred, they are not essential for purposes of this Court's review. *Id.* Thus, "[i]n the absence of findings of fact we will examine the record to see if a given result is supportable upon the assumption that the trial court had the evidence in mind." *Id.*

V.R.C.P. 79.1(f) controls the withdrawal of attorneys. The rule reads, in pertinent part:

> Leave to withdraw after a case has been set for trial will be granted only for good cause shown and on such terms as the court may order. No motion to withdraw shall be considered by the court until the party has been given notice of the motion and the date and time of hearing thereon by the clerk.

Although defendant focuses his argument on the trial court's failure to abide by the notice requirements of the rule, he sufficiently raises the issue of whether good cause to withdraw was shown. We hold that it was not.

We have not addressed previously the issue of what constitutes good cause to withdraw. Other courts considering the question, however, have reasoned that a finding of good cause to withdraw turns on the particular circumstances of each case. See *Landry* v. *Faulkner*, 417 So. 2d 1376, 1379 (La. App. 1982) (good cause shown where attorney was unable to control antagonistic client and relationship was stretched beyond point where attorney could reasonably deal with him); *Fishman* v. *Conway*, 57 So. 2d 605, 606-07 (La. App. 1952) (good cause shown where client was obnoxious to attorneys, to the court, and to other members of the bar, client is plainly dissatisfied with service, and withdrawal was not at a critical time in proceedings); *Ambrose* v. *Detroit Edison Co.*, 65 Mich. App. 484, 488-89, 237 N.W.2d 520, 522-23 (1976)

---

decision," V.R.A.P. 2, we will, under the authority of V.R.A.P. 2, suspend the rules and treat this case as an interlocutory appeal pursuant to V.R.A.P. 5.

(good cause shown where client has caused total breakdown in attorney-client relationship, there was complete lack of communication, and client was extremely obstinate); *Smith* v. *Bryant*, 264 N.C. 208, 211, 141 S.E.2d 303, 306 (1965) (client's failure to pay or to secure payment of proper fees upon reasonable demand will justify withdrawal).

The circumstances here do not constitute good cause for immediate withdrawal. As his basis for withdrawal, attorney Wool stated that his client had refused to enter into settlement negotiations. Also, he produced a photocopy of a phone message taken by his secretary from the defendant which reflected defendant's concern that Mr. Wool was not working in his interest. Mr. Wool further stated that the defendant had requested his case file and indicated he was going to represent himself. Although these events hint at an uncomfortable attorney-client relationship, they do not rise to the level of good cause justifying withdrawal, particularly on the fourth and final day of trial.

*Reversed and remanded for a new trial.*