*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-176

APRIL TERM, 2015

| | | |
|---|---|---|
| Omar Rodriguez | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Philisha Rodriguez | } | DOCKET NO. 254-12-11 Cadm |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Father appeals a final divorce order awarding parental rights and responsibilities and distributing the marital property. We affirm.

Father and mother were married for over fifteen years and have three sons born in November 1997, June 1999, and January 2004, respectively. In December 2011, mother requested a relief-from-abuse order against father on behalf of herself and the parties' sons. That same month, father filed for divorce. With the divorce pending, the parties stipulated to a final relief-from-abuse order issued on February 7, 2012. The order was to remain in effect for one year. Per the parties' stipulation, the order contained no findings of abuse but ordered father to refrain from abusing mother or the children and limited his parent-child contact to once per week in the family home. The order stated that provisions concerning parental rights and responsibilities were temporary and would be addressed in the divorce proceeding.

In December 2013, based on an incident that occurred in March 2012, defendant pled guilty in federal court to kidnapping and using a firearm during a crime of violence. The convictions resulted from an incident in which father abducted mother's romantic partner and her co-worker and shot the romantic partner while traveling in Vermont and New Hampshire. Father received a sentence of twenty-one years and nine months.

After several delays, a final divorce hearing was held on April 1, 2014. Father, who was incarcerated, did not appear by telephone as expected. On April 25, 2014, the family division of the superior court issued a final divorce order granting a divorce decree, awarding mother sole

parental rights and responsibilities, granting father parent-child contact only in writing, dividing the parties' limited personal property, and assigning responsibility for the parties' debts.

Father appeals, listing numerous claims of error in his brief and reply brief, including that the family court erred by (1) holding the final divorce hearing without his presence knowing he was absent to receive medical treatment; (2) granting his attorney's motion to withdraw and removing the guardian ad litem following a September 2013 hearing; (3) not allowing his mother and sister, both having power of attorney for him, to speak on his behalf and present evidence at the final divorce hearing; (4) allowing the testimony of mother's romantic partner and her mother; (5) granting the divorce based on the parties living separate and apart for more than six months; (6) allowing only written contact with his children; (7) awarding certain vehicles to mother; (8) awarding mother all personal property other than father's personal effects; and (9) making him responsible for certain debts.

We are unable to provide informed appellate review of the issues raised by father because he did not order a transcript of any of the proceedings, and the family court did not make findings. The family court was not required to make findings, given that no party requested them. See Chaker v. Chaker, 147 Vt. 548, 549 (1986) (stating that trial court is not required to make findings when no request is made); cf. Maurer v. Maurer, 2005 VT 26, ¶12, 178 Vt. 489 (acknowledging that findings were not required in custody case, but stating that when court makes findings on its own initiative, they must meet test of adequacy on review). "In the absence of findings, we will make a broader examination of the record, at least to the extent of references contained in the briefing, than might otherwise be necessary." Kingsbury v. Kingsbury, 147 Vt. 625, 626 (1987) (mem.) (quotation omitted). Here, however, there is virtually no record to examine. It is father's responsibility, as the appellant challenging the family court's rulings, to provide a record from which we can review those rulings. In re S.B.L., 150 Vt. 294, 307 (1988); see also V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."). Because father did not order transcripts of the hearings in this case, we have no basis from which to review his claimed errors. As the appellant, he "must bear the consequence of the lack of a transcript of the evidence." Id.; see State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (holding that appellant's failure to order transcript precluded review of claims on appeal).

Mother states in her appellate brief that father failed to call in as expected for the April 1, 2014 final hearing, that he had not asked the court in advance if his mother and sister could speak on his behalf at the hearing, and that the trial court refused their request that they be allowed to speak on his behalf and question witnesses for the reason that they were merely witnesses and witnesses could not interview other witnesses. Mother also argues on appeal that the limited parent-child contact ordered by the court was justified by evidence of father's abuse presented at the final hearing. See 15 V.S.A. § 665(b)(9) (stating that court must consider, among other factors in awarding parental rights and responsibilities, "evidence of abuse . . . and the impact of the abuse on the child and on the relationship between the child and the abusing

parent"); id. § 665a(a) (providing that if parent has been found to have abused family member within past ten years "the court may award parent–child contact to that parent if the court finds that adequate provision can be made for the safety of the child and the parent who is a victim of domestic violence"). As noted, without a transcript provided by appellant, we cannot assess either father's claims of error or mother's response to those claims of error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice