*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-384

AUGUST TERM, 2016

| | |
|---|---|
| Jamie Wool | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Douglas Cavett | } DOCKET NO. 95-1-12 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Defendant appeals a jury verdict in favor of plaintiff. On appeal, defendant raises various challenges to the discovery process and the trial. We affirm.

In April 2010, defendant pleaded no contest to a charge of aggravated sexual assault for sexually abusing plaintiff. Docket No. 1967-5-09 Cncr. Plaintiff filed suit in January 2012 against several different defendants, claiming that defendant Douglas Cavett had used his position of power and authority as a teacher's aide to groom and then sexually assault plaintiff beginning when plaintiff was ten years old. Other named defendants included the school plaintiff attended and where defendant was employed and defendant's parents. Those defendants were dismissed from the case prior to trial. Following a trial, a jury found defendant liable and awarded $1 million in damages. Defendant appeals.

On appeal, defendant first asserts that the trial was inherently unfair because he did not have a lawyer and plaintiff was represented. Except for proceedings that might result in incarceration, there is no constitutional right to counsel in civil cases. Russell v. Armitage, 166 Vt. 392, 397 (1997). Those proceedings in which counsel is provided are controlled by statute. In re Chapman, 155 Vt. 163, 166 (1990). Here, defendant has not demonstrated that he falls within the ambit of any statutory grant. Therefore, there was no error in failing to appoint him counsel.

Defendant also argues that the court erred in denying his request for plaintiff's records from the Department of Corrections (DOC) because he was self-represented. The issue of plaintiff's records arose pretrial when plaintiff's former school, which was also originally named as a defendant, requested them. The court concluded that the records were relevant to evaluating the psychological damage plaintiff alleged was a result of defendant's sexual abuse. The court ordered that the records be released to the attorneys for the parties under a protective order. The court did not release the records to defendant Douglas Cavett personally because he had not requested them and the court did not have confidence in defendant's compliance with the terms of the protective order, given defendant's sexual assault conviction.

Our ability to review this and other claims claim is severely limited by the state of the record on appeal in this case.  When he filed his notice of appeal, defendant also requested that the court provide transcripts free of charge.  Defendant's docketing statement identified the transcript of his four day jury trial as necessary for the appeal.  On November 30, 2015, this Court issued an order noting that pro bono transcription is permitted in "exceptional cases" pursuant to V.R.A.P. 10(b)(9), and inviting defendant to submit a written statement detailing his claims of error on appeal so that the court could reconsider his motion.  After subsequent filings by defendant detailing the nature of his claims on appeal and reiterating that the full transcript of the four day jury trial would be required for review, this Court, through a single Justice, issued an order indicating that transcribing a four day jury trial would consume two-thirds of the available budget for pro bono transcripts.  The order invited defendant to narrow his request, by witness or day, to the portions of transcript necessary for his appeal at which point the court would reconsider his motion.  The order indicated that if defendant did not file such a designation, the record would be deemed complete.  Defendant did not subsequently narrow his request, and the court ultimately denied it and deemed the record complete.

The Vermont Rules of Civil Procedure state:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

V.R.C.P. 61.  That means that on appeal, even if we conclude that a trial court's ruling was erroneous, that is only a basis for reversing the trial court's decision if we conclude that the error affected the substantial rights of the parties.  In this case, defendant appears to argue that the discovery that was allowed to other defendants who were represented by lawyers but denied to him would have helped him defend against the plaintiff's claim for damages by potentially revealing other life events besides defendant's actions that may account for plaintiff's difficulties.  That view may be correct, but without the ability to consider the evidence of damages plaintiff put forward at trial, we have no way of evaluating whether denying defendant the disputed discovery, even if that was an error, substantially affected his rights.

Similarly, defendant fails to demonstrate any prejudice from his various other claims concerning discovery.  There is no merit to defendant's claim that the court erred in precluding him from attending oral depositions due to his incarceration.  First, the court did not actually preclude defendant from attending depositions; his restrictions in that regard arose from his conviction and sentence in the criminal matter.  The court did not issue an order barring defendant from attending depositions; it simply declined to order the Department of Corrections—not a party to this civil case—to suspend its rules to facilitate defendant's attendance.  Plus,although defendant generally claims that this made the proceedings unfair, he fails to identify what information he was unable to discover or how it this prejudiced him.  See Furgueson v. Dunstan, 143 Vt. 316, 319 (1983).  Defendant's assertions that he could not conduct proper discovery because the prison lost his legal materials on various occasions also fails to show prejudice.  Defendant concedes that the court extended the discovery period at one point to provide him with additional time.  He does not delineate what further action would have been appropriate or how this negatively affected the trial.

Defendant makes several arguments concerning the court's evidentiary rulings during trial, including that he should have been allowed to testify as an expert and that he was denied an opportunity to introduce several different pieces of evidence.[*] Because defendant has failed to order a transcript of the proceedings, this Court lacks a sufficient record to determine whether defendant's arguments are properly preserved for appeal and to review the substance of the court's rulings. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (explaining that without transcript court could not review errors alleged to have occurred during trial).

Defendant next alleges that the proceedings were biased because he appeared before the jury in handcuffs and shackles during the jury draw. This Court has recognized that in a criminal trial "exposing the jury to a defendant in shackles, or otherwise emphasizing a defendant's incarcerated status, may in some cases undermine the presumption of innocence that is essential for a fair trial." State v. Bruno, 2012 VT 79, ¶ 37, 192 Vt. 515 (citation omitted). We agree with many other courts that due process may also be deprived in a civil trial where a party appears in physical restraints and that the trial court has discretion to order restraints when they are "necessary to maintain safety or security." Sides v. Cherry, 609 F.3d 576, 581 (3d Cir. 2010) (citing cases) (quotation omitted). On this point, defendant asserts: "I was forced to sit in front of the jury pool, handcuffed and shackled for four hours, but this was not determined to be necessary at any other times." He asserts that he attempted to address the issue with the judge, but the judge did not respond. Again, this Court is unable to review defendant's claim without a transcript of the proceeding. There is no record from which this Court can determine whether defendant objected to the restraints or on which this Court can review whether the trial court abused its discretion in allowing the restraints. For example, there is no record to demonstrate the basis for the court's decision or its reasoning as to the necessity of the restraints.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[*] Defendant also claims that plaintiff failed to provide him with a list of witnesses prior to trial as required by Federal Rule of Civil Procedure 26. The Vermont Rules of Civil Procedure applied to this proceeding and those rules, unlike the federal equivalent, do not mandate disclosure of a witness list within a certain period prior to trial. The record demonstrates that a witness list was indeed disclosed by plaintiff prior to trial. Therefore, defendant has failed to show that plaintiff did not comply with the civil rules.