Filed 02/23/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05505

| Derrick Himebaugh v. David Bookchin, Esq. |
| --- |

## ENTRY REGARDING MOTION

Title: Motion to Dismiss; Motion to Dismiss; Motion for Default Judgment for Failure to State a Claim; for Failure to Join Indispensable Party; Phone call from pltf; he wishes to withdraw this motion for default (motion refers to Family Division). (Motion: 1; 2; 3)
Filer: James Cooley; James Cooley; Derrick Himebaugh
Filed Date: December 31, 2025; December 31, 2025; January 02, 2026

The motion is GRANTED IN PART and DENIED IN PART.

There are three motions currently pending before the court. Plaintiff has filed a motion for default judgment under V.R.C.P. 55. Defendant has filed two motions to dismiss under V.R.C.P. 12.

Taking Plaintiff's motion for default judgment first, a default judgment is only appropriate when the opposing party has failed to file a pleading or otherwise defend against a claim. V.R.C.P. 55(a). In this case, Defendant has filed two motions to dismiss, which are sufficient to defend against the complaint and make default judgment inappropriate. See also V.R.C.P. 12(b) (indicating that a motion to dismiss may be filed before an answer is due). For this reason, Plaintiff's motion for default judgment is inconsistent with Rule 55(a), and it is **Denied.**

Defendant's first motion to dismiss concerns the lack of specificity in Plaintiff's complaint. Under Rule 8, a party's complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." V.R.C.P. 8(a). Pleadings must go beyond bald assertions conclusions of law to state the specific wrongdoing that a plaintiff is alleging in his or her claim. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Vermont is a notice pleading state, which means that a complaint need only be a "bare bones statement that merely provides the defendant with notice of the claims against it . . ." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13. Nevertheless, a pleading should put the opposing party on notice of what actions are at issue and the basis for the claim. *Mancini v. Mancini*, 136 Vt. 231, 233 (1978).

In this case, the complaint alleges that Defendant committed legal malpractice in two ways. First, in paragraph 12, it alleges that Defendant had an impermissible conflict of interest.[1]

---

[1] The Court finds no issue with this portion of the pleading, which alleges that Defendant's joint representation of the lender and Plaintiff and his wife was an unwaivable conflict of interest. This has put Defendant on sufficient notice, and any additional details may be developed during discovery.

Second it alleges in paragraph 13 that Defendant additionally did not "exercise the degree of care, skill, and diligence ordinarily exercised by reasonably prudent Vermont attorneys." Plaintiff lists four categories of improper actions. At least one of these, Paragraph 13(d) is a restatement of the conflict-of-interest issue. The remaining three lack a degree of factual specificity that do not provide adequate notice. Paragraph 13(b), for example, alleges that Defendant utilized "improperly executed documents in the closing." It is not clear what documents or why they would be classified as improper. It is a classic bald assertion that leaves Defendant without notice of the factual basis for the claim.

Nevertheless, the purpose of the notice pleading standard is "'not to keep litigants out of court but rather to keep them in' so that the merits of the claim may 'be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial.'" *Huntington Ingalls Industries, Inc. v. Ace American Insurance Co.*, 2022 VT 45, ¶45 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 575 (2007) (Stevens, J., dissenting)). Defendant acknowledges this standard in his motion and has sought in the alternative that if the court is not inclined to dismiss that it order a more definite statement on the allegations in paragraph 13.

The Court agrees that such a remedy is appropriate at this stage and consistent both with the notice pleading standard and the provisions of Rule 12, which allow parties to provide more clarity when the initial pleadings are insufficient. Therefore, the Court **Grants** Defendants motion **in part** and Orders Plaintiff to provide more specific information about what actions Defendant did or did not do that constitute the allegation of malpractice that are alluded to but not identified in paragraph 13 of the complaint. In this respect, the Court will expect identification of documents that were "improperly executed," what information was omitted, what actions fell below the standard of care. While Plaintiff does not have to identify each specific action or document, the Court seeks some specificity as to the actions or omissions that Plaintiff alleges fell below the standard.[2] Plaintiff shall have 30 days from the date of this order to file this amended complaint and more definite statement with the Court and Defendant. V.R.C.P. 12(e).

Finally, Defendant claims that there is a missing, necessary party that must be joined to the present action, Plaintiff's wife and co-owner, Jennifer Himebaugh. V.R.C.P. 19(a). The Court agrees that Ms. Himebaugh is a necessary party since she purchased the property with Plaintiff, was represented by Defendant in the same transaction, and likely has the same claims against Defendant as Plaintiff.

Plaintiff does not dispute Defendant's argument, but he contends that Ms. Himebaugh is amenable to being joined and can be joined as a party through an amended complaint. Such a resolution is consistent with the purpose and function of Rule 19(a), which is not necessary to block a claim but to ensure that litigation does not substantially advance until all necessary and

---

[2] By way of example, the Court offers the following illustrations: if Plaintiff believes that Defendant did not adequately explain the terms and conditions of the promissory note, then he should identify the document and state what was or was not explained to him by Defendant. If Plaintiff believes that a document was improperly executed, he should identify the document and indicate what is improper about the execution (missing a signature, signed by the wrong party, signed by a party without authority, etc.).

indispensable parties are joined. V.R.C.P. 19. Only when an indispensable party cannot be joined does the Court consider dismissal. *Belter v. City of Burlington*, 2025 VT 35, ¶ 11.

Given that Plaintiff is already amending the complaint pursuant to the Court's ruling for a more definite statement, the Court will allow Plaintiff the same 30-day window of time to add Ms. Himebaugh as a necessary party and allow her to join the complaint as a Plaintiff by joining the complaint and adding her signature. Based on this, Plaintiff's second motion to dismiss is **Granted in Part.**

If the Court does not receive an adequate filing from Plaintiff either for a more definite statement under Rule 12(e) or the joinder of Ms. Himebaugh under Rule 19(a), then Defendant may renew their motion to dismiss. If Plaintiff is able to join Ms. Himebaugh and provides a more definite complaint, then Defendant shall have 21 days from such filing to either file an answer or a dispositive motion under Rule 12(b).

## **ORDER**

Based on the foregoing, Plaintiff's Motion for Default Judgment is **Denied.** Defendants Motions to Dismiss are **Granted in Part.** Plaintiff shall file an amended complaint with a more definite statement of the alleged malpractice actions asserted in his present complaint under paragraph 13, and he shall join Ms. Himebaugh as a co-Plaintiff, which must include her signing any amended complaint as a party. V.R.C.P. 11.

Electronically signed on 2/20/2026 6:43 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge