Steven **HEE, Carl Hee, and Pamela Sicard, Plaintiffs,**

v.

Officers T.C. **EVERLOF, Daniel C. Doherty, Emmet B. Helrich, Charles B. Kirk, Michael K. Rice, P.M. Reilly, and Douglas S. Thorburn, Individually and as police officers for the City of Burlington, Kevin P. Scully, Chief of Police for the City of Burlington, the Burlington Police Department, and the City of Burlington, Defendants.**

No. 2:92–CV–310.

United States District Court, D. Vermont.

Feb. 5, 1993.

**1351**

Eileen M. Blackwood, Blackwood & Kraynak, Burlington, VT, for plaintiffs.

Ritchie E. Berger, Dinse, Erdmann & Clapp, Burlington, VT, for defendant T.C. Everlof.

Nancy G. Sheahan, McNeil & Murray, Burlington, VT, for defendants Daniel C. Doherty, Emmet B. Helrich, Charles B. Kirk and Kevin P. Scully, Chief of Police, Burlington Police Dept. and City of Burlington.

James F. Carroll, Powers, English & Carroll, Middlebury, VT, for defendants Michael K. Rice, P.M. Reilly and Douglas S. Thorburn.

Christopher L. Davis, Langrock, Sperry & Wool, Burlington, VT, for defendant Douglas S. Thorburn.

## OPINION AND ORDER

PARKER, Chief Judge.

Defendant, Burlington Police Department (the "Department"), has moved this Court to dismiss the action against it. The Department argues that it is not a suable governmental entity and therefore, plaintiff has failed to state a claim against it for which relief can be granted. Plaintiffs oppose the motion to dismiss, contending that since they have joined the City of Burlington as a party in this lawsuit, the Department is properly named as a defendant as well. Plaintiffs' contentions are unsupported. More importantly, they are wholly at odds with relevant caselaw.

The Supreme Court has stated that a municipal department enjoys "no greater separate identity" from the municipality than would an official acting in his official capacity. *Brandon v. Holt,* 469 U.S. 464, 472, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). It is now well accepted that suits against officers acting in their official capacities are simply another way of pleading an action against a governmental entity. *Id.* at 472 n. 21, 105 S.Ct. at 878 n. 21. In this case, that governmental entity is the municipality, not the Department. 24 V.S.A. § 901 (1975) (An action against an appointed municipal officer must be brought against the municipality); 24 V.S.A. § 1931(a) (1975) (police officers are appointed municipal officers). In light of the fact that the Department can only act through its agents or officers, it naturally follows that if the City of Burlington is the properly named party in the lawsuit against the police officers acting in their official capacity, it must also be the party properly named in the suit against the Department. Logic also suggests that where a damage award against a municipal department would be paid out of the municipality's treasury, the suit is ultimately against the municipality, not the specific department. *Cf. Ohland v. City of Montpelier,* 467 F.Supp. 324, 342 (D.Vt. 1979) (J. Coffrin) (*citing Monell v. Department of Social Services,* 532 F.2d 259 (2nd Cir.1976), *rev'd on other grounds,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Finally, Rule 17(b) of the Federal Rules of Civil Procedure requires federal courts to look to state law to determine whether a governmental department has the capacity to be sued. Fed.R.Civ.P. 17(b). There is no specific Vermont statute or caselaw on a municipal department's capacity to be sued. As noted above however, Vermont statutes do require that suits against police officers who were acting in their official capacities be brought against the municipality. 24 V.S.A. §§ 901, 1931(a).

Accordingly, consistent with other federal courts, and in the absence of state law to the contrary, I hold that the Department does not have the capacity to be sued in this action. *See e.g., Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992) ("[P]olice departments are not usually considered

legal entities subject to suit."); *Post v. City of Fort Lauderdale,* 750 F.Supp. 1131, 1132–33 (N.D.Ga.1990) (Court dismissed suit against city police department reasoning that it was an integral part of city government, not a separately identifiable governmental unit.).

## CONCLUSION

Defendant's motion to dismiss is hereby GRANTED.