**Todd GORTON, Plaintiff,**

v.

**BURLINGTON POLICE DEPARTMENT, and Vermont Department of Corrections, Defendants.**

No. 2:98–CV–47.

United States District Court, D. Vermont.

Sept. 28, 1998.

---

Todd Gorton, Freehold, NJ, pro se.

Nancy Goss Sheahan, McNeil, Leddy & Sheahan, P.C., Burlington, VT, for Burlington Police Dept., Chittenden County, defendant.

Geoffrey A. Yudien, Office of the Atty. Gen., Waterbury, VT, for Vermont Dept. of Corrections, defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff, Todd Gorton, ("Gorton") is a pro se state prisoner seeking relief pursuant to 42 U.S.C. § 1983. Gorton claims he was unlawfully incarcerated as a minor at the Northwest State Correctional Facility from December 24, 1985 until August 18, 1989. Gorton is suing the Burlington Police Department and the Vermont Department of Corrections for five million dollars in compensatory and punitive damages resulting from the verbal, mental and sexual abuse he allegedly suffered while an inmate during that time. Gorton also asks the Court to release him from the custody of the Commissioner of Corrections because of the mental stress he suffers while incarcerated. Pending before the Court are Defendants' Motions to Dismiss and Gorton's Motion to Amend.

### I. Factual Background

On December 24, 1985, Gorton entered a plea of nolo contendere to the charges of Assault and Robbery and Attempted Sexual Assault. Gorton was fifteen years old when he allegedly committed the offenses. The Chittenden Superior Court sentenced Gorton as an adult to thirty-nine months for each conviction. On June 28, 1989, Gorton filed a petition for post-conviction relief through the Prisoner's Rights Office pursuant to 13 V.S.A. § 7131. Gorton alleged that the District Court lacked jurisdiction to convict and sentence him as an adult offender because he was a minor at the time he allegedly committed the offenses. Gorton also alleged that he did not receive effective assistance of counsel. Vermont Superior Court Judge Hilton H. Dier, Jr. granted the petition on August 18, 1989 and Gorton was discharged from custody.

Gorton alleges that while an inmate at Northwest State Correctional Facility be-

tween December 1985 and August 1989, he was subjected to verbal, sexual, and mental abuse. Gorton consequently sought protective custody status. Gorton further alleges that the abuse resulted in a diminished mental state prohibiting him from living as a normal member of society without continued counseling and therapy. He states that he did not reveal these feelings until he spoke with his wife in 1997 because he was trying to "escape reality." Furthermore, he claims that because he was incarcerated as a minor, he lacked the formal education and knowledge of the law to bring this lawsuit within the three year statutory limitation.

Gorton filed a pro se claim in this Court against the Burlington Police Department and the Vermont Department of Corrections. Both the Burlington Police Department and the Vermont Department of Corrections have filed Motions to Dismiss pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On May 22, 1998, Gorton filed a Motion to Amend the Complaint to add Richard Turner, Superintendent of the Northwest State Correctional Facility and John Gorczyck, Commissioner of Corrections as defendants.

## II. *Discussion*

### A. *Defendant Burlington Police Department's Motion to Dismiss*

Gorton is suing the Burlington Police Department for allowing him to be placed as a minor in the Northwest State Correctional Facility. A municipal police department is not a legal entity which can be sued under 42 U.S.C. § 1983. *HR v. Orleans County Sheriff's Department,* No. 97–052, 1998 WL 560036 at *3 (D.Vt. July 28, 1998); *Hee v. Everlof,* 812 F.Supp. 1350, 1351 (D.Vt.1993). Therefore, Defendant Burlington Police Department's Motion to Dismiss (Paper 7) is granted.

### B. *Defendant Vermont Department of Corrections' Motion to Dismiss*

The Vermont Department of Corrections has moved to dismiss this action on the grounds that as a state agency, it is immune from suit under the Eleventh Amendment. Since Gorton has not opposed this Eleventh Amendment argument, the Vermont Depart-

ment of Corrections' Motion to Dismiss (Paper 11) is granted pursuant to local Rule 7.1.

Furthermore, 42 U.S.C. § 1983 does not abrogate a State's sovereign immunity. In *Pennhurst State School & Hospital v. Halderman,* the Supreme Court stated: "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Vermont Department of Corrections is a state agency of the Department of Human Services, pursuant to Vt.Stat.Ann. tit. 3, § 3002. Therefore, Gorton's Section 1983 claim against the Vermont Department of Corrections is barred by the Eleventh Amendment.

### C. *Plaintiff's Motion to Amend*

Gorton has moved to amend his claim by substituting Richard Turner and John Gorczyck as defendants. In bringing a § 1983 action the Plaintiff must allege personal involvement of the defendants when suing them in their individual capacities. *Koehl v. Dalsheim,* 85 F.3d 86, 88 (2d Cir. 1996). An individual may not be held liable in a § 1983 action merely because he or she holds a position of authority: "[we] have construed personal involvement for these purposes to mean direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996). The doctrine of respondeat superior is not applicable to a claim for money damages brought under § 1983; some showing of personal involvement by the defendants is required. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (citing *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir. 1973)).

Gorton makes no specific allegations against either Richard Turner or John Gorczyck in either their individual or official capacities. Nothing in the proposed amendment asserts that they were personally involved in any activity related to Gorton's

claim. Therefore, Gorton's Motion to Amend (Paper 12) is denied on the ground that the amendment would be futile.[1]

III. *Conclusion*

Based on the foregoing analysis; Defendant Vermont Department of Corrections' Motion to Dismiss (Paper 11) is hereby GRANTED; Defendant Burlington Police Department's Motion to Dismiss (Paper 7) is hereby GRANTED; and Plaintiff Todd Gorton's Motion to Amend (Paper 12) is hereby DENIED. CASE DISMISSED.

---

1. As a result of the disposition of these motions, the Court need not address Defendants' argument that the statute of limitations bars this suit.