2009 VT 54

**Sarah LIVINGSTON, Individually and as Mother and Next Friend of S.L. v. TOWN OF HARTFORD, Town of Hartford Board of Selectmen, Hunter Reisberg, Hartford Town Manager, Hartford Police Department, et al.**

[979 A.2d 459]

No. 08-141

¶ 1. May 27, 2009. Plaintiff Sarah Livingston appeals from the superior court's order granting summary judgment to defendants James Baraldi, Leonard Roberts, and the Town of Hartford. Plaintiff asserts that the court erred in granting summary judgment to all three defendants because material facts remain in dispute in connection with her claims arising out of an incident in which

a Hartford police officer informed her that she could be arrested if she did not relinquish her minor child to her ex-husband for weekend visitation. We affirm.

¶ 2. The facts, giving the benefit of all reasonable doubts and inferences to plaintiff, see *Gettis v. Green Mountain Economic Development Corp.*, 2005 VT 117, ¶ 19, 179 Vt. 117, 892 A.2d 162, are as follows. Plaintiff is the biological mother of a daughter, S.L., with whom she resides in Wilder, Vermont. Plaintiff has primary custody of S.L. under a New Hampshire court order, and S.L.'s father, Charles, had regular visitation at the time of the events that gave rise to this suit. Specifically, there was a parenting plan in effect, under which Charles was to have S.L. for the weekend beginning at 5:00 p.m. on Friday, May 26, 2006. S.L. was then three years old. The parties had argued earlier in the week about whether S.L. should go with Charles on that weekend, as scheduled, or on the following weekend. At some point on Friday, plaintiff called Charles to tell him that S.L. had viral pharyngitis and again "asked Charles to switch weekends" because of the illness. Plaintiff's deposition testimony was that she left a message for Charles and did not speak with him directly on the day of the incident.

¶ 3. Charles never agreed to switch weekends, and drove from Maine to Vermont to pick up S.L. on Friday, May 26. When it became clear that plaintiff did not intend to relinquish the child, Charles contacted the Hartford police department to request assistance in gaining custody of his daughter for the weekend visitation. Charles provided the police with a copy of the current parenting plan, which defendant Roberts correctly interpreted as giving Charles the legal right to have S.L. for the weekend, beginning at 5:00 p.m. May 26 (a Friday). Defendant Roberts, who was defendant Baraldi's super-

visor at the time, then dispatched Baraldi to plaintiff's house with Charles.[1]

¶ 4. When Baraldi arrived at the house, plaintiff explained that S.L. was sick and that, accordingly, "there was a need to switch weekends." Baraldi told plaintiff to turn the child over to Charles, and that if she did not, he would arrest her. She refused, and he again advised her that she would be subject to arrest if she did not comply. The child witnessed some of this exchange. Officer Baraldi's tone was at all times civil, and he made no physical contact with plaintiff. Plaintiff requested that Officer Baraldi speak with her attorney on the telephone, but he declined. Plaintiff did release S.L. to Charles' custody for the weekend, and plaintiff was not arrested. Defendant Baraldi left the premises without further incident.

¶ 5. After the incident, plaintiff requested that the Town of Hartford investigate the incident. The Town did, but plaintiff was not satisfied with the Town's ultimate decision not to discipline the officers, with the scope of the investigation, or with what she perceived as an unnecessary delay in beginning the investigation. She sued.

¶ 6. Plaintiff's complaint names as defendants Officer Baraldi, Captain Roberts, and the Town of Hartford, among others. On this appeal, plaintiff confines her arguments to her claims against Baraldi, Roberts, and the Town. We consider the claims against Baraldi first.

---

[1] Officer Baraldi's incident report stated that he was "ordered" by Captain Roberts to tell plaintiff that she would be arrested if she did not relinquish S.L. The report was later changed, apparently by Captain Roberts, to state that Roberts "requested" that Baraldi tell plaintiff that she could be arrested if she did not allow Charles to assume custody for the weekend. In light of our disposition of the appeal, the disagreement is immaterial.

¶ 7. The complaint alleges that Baraldi abused his authority by attempting to enforce the New Hampshire order and by telling plaintiff that he would arrest her if she did not comply with it. Second, the complaint alleges that he intentionally and with reckless disregard of the consequences threatened plaintiff with arrest and "coerced her to send a minor child on a visit." Finally, plaintiff generally alleged that Baraldi's actions resulted in emotional distress, pain and suffering for her and for S.L.

¶ 8. After depositions were taken from plaintiff and defendants, all three defendants moved for summary judgment. In support of those motions, each submitted a statement of undisputed material facts. Those statements relied almost entirely on the allegations and statements in plaintiff's own deposition testimony and complaint. Plaintiff's opposition to defendants' motions for summary judgment, although purporting to dispute virtually all of the factual statements made by defendants, contained inadequate citations to the record. Cf. V.R.C.P. 56(c) (requiring such citations).

¶ 9. The trial court concluded, in its decision on the summary judgment motions, that defendants' facts were generally deemed to be admitted because plaintiff had failed to provide citations to the record in opposition.[2] See V.R.C.P. 56(c)(2) ("All material facts set forth in the statement required to be served by the moving party will be deemed to be

admitted unless controverted by the statement required to be served by the opposing party. . . . The statements of material facts . . . shall consist of numbered paragraphs and shall contain specific citations to the record.").

¶ 10. Plaintiff's bare assertion in her briefing to this Court that she provided "record references where available or appropriate" does not remedy the error. Indeed, the assertion on appeal is itself made without appropriate references to the record. We decline to search the record for error. See *In re S.B.L.*, 150 Vt. 294, 297, 553 A.2d 1078, 1081 (1988) ("It is the burden of the appellant to demonstrate how the lower court erred warranting reversal. We will not comb the record searching for error."); see also V.R.A.P. 28(a)(4) (argument on appeal shall contain citations to the "parts of the record relied on"). On appeal, plaintiff has not identified specifically which facts she claims are disputed and material. It appears from our review of her written submissions to the trial court that many of the factual disputes she claimed below were actually disputes about the legal import of uncontested facts. The court, of course, need not accept legal conclusions styled as facts. The rest, to the extent they are truly factual disputes, and to the extent they are supported by proper references to the record, do not appear to be material. If the trial court committed any error in ruling that defendants' facts were deemed admitted, the error was harmless.

¶ 11. Plaintiff next contends that the superior court erred in determining that Officer Baraldi had the authority to arrest plaintiff for custodial interference and that the court's conclusion that Baraldi reasonably understood plaintiff to be committing custodial interference was unsupported by the facts. The contention is premised largely on the fact, which Officer Baraldi did not dispute, that he had not personally read the custody order

---

[2] Plaintiff now contends that the facts in all of defendants' motions for summary judgment do not "rise to the level of 'facts' " because they are merely "a representation by *counsel* of what *counsel* interprets the facts to be." The argument was not presented below, and thus we do not consider it on appeal. See *R&G Props., Inc. v. Column Financial, Inc.*, 2008 VT 113, ¶ 52, 184 Vt. 494, 968 A.2d 286.

at the time of the incident. Plaintiff argues that, without having read the order himself, Officer Baraldi "could form *no* belief, reasonable or otherwise, that [plaintiff] was about to commit" custodial interference.

¶ 12. The trial court concluded, to the contrary, that plaintiff's "unspoken subjective belief in a unilateral right to change the visitation schedule did not undercut the circumstances supporting probable cause" because such a belief, even if it had been correct, and even if it had been communicated to the officer, would only have provided an affirmative defense to a custodial-interference charge. The trial court also concluded that Officer Baraldi was entitled to qualified immunity and noted that this was an independent basis to grant his motion for summary judgment.

¶ 13. We agree with the trial court that Officer Baraldi was entitled to qualified immunity for his actions, and thus we do not consider the question of whether he had probable cause to arrest. A police officer is immune from tort liability when he is performing a discretionary act in good faith during the course of his employment and is acting within the scope of his authority. *Stevens v. Stearns*, 2003 VT 74, ¶ 15, 175 Vt. 428, 833 A.2d 835. An officer deciding whether to make an arrest is performing a discretionary act in the course of his employment, *Long v. L'Esperance*, 166 Vt. 566, 571, 701 A.2d 1048, 1052 (1997), and the trial court was correct in extending this principle to an officer who simply states that arrest is possible. We also agree with the trial court, therefore, that the central question is whether Officer Baraldi was acting in good faith when he informed plaintiff that he would arrest her if she continued to prevent S.L. from going with Charles for the weekend.

¶ 14. An officer has acted in good faith when his acts "did not violate clearly established rights of which the [officer]

reasonably should have known." *Murray v. White*, 155 Vt. 621, 630, 537 A.2d 975, 980 (1991). As the trial court noted, plaintiff failed to articulate any clearly established right that was violated by Officer Baraldi's actions. Plaintiff has not, on appeal, remedied the problem. She states no clearly established right that was violated by the officer's mere threat of arrest. Rather, she argues generally that "[t]he rights of parents over their children are natural, essential and inherent rights within the meaning of the United States Constitution, the New Hampshire Constitution, which had jurisdiction over the parental rights of the Livingstons, and the Vermont Constitution." Plaintiff further asserts that "[t]hese rights are so well established, each and every officer should be aware of their existence, the scope of the protection provided, and what s/he must do to prevent violation of those rights." Nowhere does plaintiff articulate exactly what the asserted right is, however, nor does the bare citation of multiple constitutions suffice to state a "clearly established right."

¶ 15. Plaintiff does contend that under the New Hampshire order she had the unilateral "authority . . . to make the decisions she felt were in [S.L.'s] best interests" and that she had a clearly established right to decide not to allow S.L. to go with Charles for the weekend. But the order does not support plaintiff's reading. The order provides that "each parent shall make day-to-day decisions for the child[] during the time he/she is caring for the child[]. This includes any emergency decisions affecting the health or safety of the child[]. A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible." The parenting plan also establishes the "additional expectation[]" that a "parent *requesting* a temporary change to the parenting schedule shall act in good faith and *ask* the other parent about such change as

soon as possible. The parents are expected to fairly adjust parenting schedules when family situations, illnesses, or other commitments make modification reasonable." (Emphasis added.) Plaintiff's construction of these provisions, in addition to not having been presented to Officer Baraldi at the time of the incident, is also inconsistent with the plain language of the parenting plan. There was no competent summary judgment evidence compelling the conclusion that this was an "emergency decision." Thus, plaintiff's argument relies entirely on the "expectation" that a parent "requesting" a change in the parenting schedule "shall . . . ask the other parent about such change as soon as possible." The language is clearly not mandatory and vested plaintiff with no right to unilaterally change the court-ordered visitation schedule due to a relatively minor illness. The trial court did not err in concluding that plaintiff had failed to demonstrate that summary judgment was inappropriate as to Officer Baraldi.

¶ 16. Plaintiff next argues that summary judgment should not have been granted on her claims against Captain Roberts. Although plaintiff raises this contention generally in the "Statement of Issues Presented for Review," she presents no further substantive briefing as to the claims against Captain Roberts but only the conclusory assertion that Captain Roberts had not read the parenting plan in its entirety. As noted, we do not agree with plaintiff's interpretation of the parenting plan, and thus the question of whether Roberts read the plan in its entirety does not amount to a genuine issue of material fact sufficient to defeat summary judgment. Further, plaintiff's cursory briefing of this issue does not satisfy her burden of demonstrating how the trial court erred warranting reversal. See V.R.A.P. 28(a)(4); see also *B & F Land Dev. LLC v. Steinfeld*, 2008 VT 109, ¶ 5, 184 Vt. 624, 966 A.2d 127 (mem.) (appellant whose brief "discloses neither how . . . issue was preserved nor the reasons for [appellant's] contentions, cites no authority of any kind, and does not cite the record" has failed to demonstrate how the lower court erred warranting reversal).

¶ 17. Finally, plaintiff contends that the trial court erred in granting summary judgment on two claims against the Town. The claims are (1) that the Town violated 24 V.S.A. § 1932 by failing to adequately investigate plaintiff's grievances against Baraldi and Roberts and (2) that the Town manager and Town selectboard exacerbated plaintiff's emotional distress by "stonewalling" her efforts to have an investigation performed. The trial court concluded that the Town was entitled to summary judgment on both claims because, even accepting plaintiff's factual allegations, the Town would still have had no reason to conclude that Officer Baraldi had been negligent or derelict in his duties. The court noted that, assuming that the statute imposes an affirmative obligation on the Town under some circumstances, the Town retains discretion *not* to conduct an exhaustive investigation where the facts do not suggest that one is necessary. The court also concluded, citing *Carr v. Peerless Insurance Co.*, 168 Vt. 465, 473, 724 A.2d 454, 459 (1998), that the Legislature did not intend to create a private right of action in § 1932. Finally, the court also noted that it could grant summary judgment to the Town based on municipal immunity.

¶ 18. Plaintiff cites no authority for the proposition that § 1932 provides a private right of action. Instead, plaintiff argues that the plain language of the enactment requires the Town to conduct a hearing whenever one is demanded by any citizen. Section 1932 provides as follows:

> Whenever it appears to the appointing authority by its own knowledge or when informed by a written petition signed by one

or more responsible persons that any regular officer has become negligent or derelict in his official duty, or is guilty of conduct unbecoming an officer, the appointing authority shall set a date for a hearing before the legislative body upon the complaint . . . .

24 V.S.A. § 1932(a). We agree with the trial court and the Town that the plain language of the statute does not suggest any legislative intent to allow a private cause of action for money damages. See *Carr*, 168 Vt. at 473, 724 A.2d at 459 (private right of action for money damages is available only if, among other things, there is an indication that the Legislature intended to allow such a remedy). Nor has plaintiff advanced any cogent theory as to why a private right of action should be implied.

¶ 19. As noted, the trial court also rested the grant of summary judgment to the Town on the Town's municipal immunity. Plaintiff has not contested this conclusion, which provides an independent basis to affirm the summary judgment for the Town.

*Affirmed.*