Filed 11/20/23

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02763

---

**Jeffrey Rivard v. Town of Brattleboro et al**

---

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss Complaint (Motion: 2)
Filer:      Brian P. Monaghan
Filed Date: July 27, 2023

Before the court are Plaintiff Jeffrey Rivard's claims against the Town of Brattleboro, the Brattleboro Police Department, and Officer Ryan Washburn of the Brattleboro Police Department. In Count I, Plaintiff asserts a claim of unlawful arrest. In Count II, Plaintiff asserts a claim of abuse of authority. In Count III, Plaintiff asserts a claim of "misdemeanor conduct committed on duty." In Count IV, Plaintiff alleges "unlawful dissemination of confidential material." In Count V, Plaintiff alleges libel. And in Count VI, Plaintiff alleges "infliction of emotional distress."

Defendants move the court to dismiss Officer Washburn and the Brattleboro Police Department from the case because they are not proper defendants as a matter of law, and to dismiss the matter on all counts with prejudice pursuant to V.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. Defendants' motion is GRANTED.

### I. Background

On June 27, 2023, Plaintiff filed his complaint in Windham County Superior Court. See Complaint dated June 27, 2023. At first glance, Plaintiff's allegations are not easy to characterize. After thorough analysis, however, the court finds that Plaintiff's complaint alleges six causes of action. The gravamen of Plaintiff's complaint comprises his arrest after an incident between Plaintiff and Shram Bhanti. Complaint at 1, 3.

In Count I, Plaintiff asserts a claim of unlawful arrest. See Complaint at 3 *et seq.*[1] Plaintiff alleges that the arrest was unlawful because Officer Washburn "[h]a[d] no probable cause to believe an assault or crime actually occurred ...." *Id.* at 3. Curiously, however, the same sentence then continues: "[Officer Washburn] did apply for a probable cause warrant" before arresting Plaintiff. *Id.* In Count II, Plaintiff

---

[1] Plaintiff's complaint also describes—presumably as an aside—that during the course of his arrest, his wrist was injured and required medical treatment at an urgent care in Brattleboro. Complaint at 3. Plaintiff, however, never purports to assert a separate personal injury claim.

asserts a claim of abuse of authority. See Complaint at 1. Presumably, the abuse of authority claim also relates to Plaintiff's arrest and its aftermath. *Id*. at 1, 3–4. In Count III, Plaintiff asserts a claim of "misdemeanor conduct committed on duty." *Id*. at 1. This count, it appears, also relates to Plaintiff's arrest and its aftermath, although it does not appear clear what Plaintiff means by "misdemeanor conduct on duty." In Count IV, Plaintiff alleges unlawful dissemination of confidential information. Complaint at 4. Plaintiff's complaint seemingly asserts that Officer Washburn acquired unspecified "confidential material," which he disseminated "to the Vermont Court Public Portal." *Id*. at 4. Plaintiff alleges that this violated his rights under Article 11 of the Vermont Constitution and his rights under the Fourth Amendment to the United States Constitution. *Id*. In Count V, Plaintiff alleges libel. *Id*. at 1, 5. This allegation stems from an "article" published "[by] the Brattleboro Police Department and the Town of Brattleboro" after his arrest. *Id*. at 5. According to Plaintiff, the publication is libelous because it "pluraliz[es] the number of violations of [c]onditional [r]elease." *Id*. Lastly, in Count VI, Plaintiff alleges "infliction of emotional distress." *Id*. at 1. This count is presumably also connected to Plaintiff's arrest.

On July 27, 2023, Defendants filed their motion to dismiss. Defendants' Motion to Dismiss dated July 27, 2023. The motion is accompanied by a memorandum in support of the motion. Defendants' Memorandum of Law dated July 27, 2023. As noted above, Defendants move the court to dismiss Officer Washburn and the Brattleboro Police Department from the case because they are not proper defendants as a matter of law. *Id*. at 5–6. Defendants also move the court to dismiss all of Plaintiff's claims on various grounds. The memorandum also identifies and addresses various claims that the court does not find are supported by the complaint. Defendants move to dismiss Plaintiff's claims of negligence, libel, and any claims under 42 U.S.C. § 1983 as time-barred. Defendants' Memorandum at 7–8. In the alternative, Defendants move to dismiss Plaintiff's section 1983 claims because he has not sufficiently pleaded any violations thereof. *Id*. at 9. Similarly, Defendants move to dismiss Plaintiff's claims under Article 11 of the Vermont Constitution, the Fourth Amendment to the United States Constitution, and 24 V.S.A. § 1932 because he has not sufficiently pleaded any violations thereof. *Id*. at 8–10. Lastly, Defendants move to dismiss Plaintiff's negligence claims because he fails to meet the negligence pleading requirements. *Id*. at 11.

**II. Motion to Dismiss**

**A. Rule 12(b)(6) Standard**

To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations made by the nonmoving party in the complaint are true. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5, 184 Vt. 1. Conversely, the court "assume[s] that the movant's contravening assertions are false." *Id*. The court is limited to the allegations and facts as established in Plaintiff's complaint, from which the Court must make all reasonable inferences. *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶10, 209 Vt. 514. To the extent a party asserts "conclusory allegations or legal conclusions masquerading as factual conclusions," the Court is not required to accept those as true. *Rodrigue v. Illuzzi*, 2022 VT 9, ¶ 33, 216 Vt. 308 (quotation omitted). The court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. *Id*. This is because the purpose of a

motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11, 179 Vt. 525 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)).

Vermont has an "exceedingly low" threshold to survive a 12(b)(6) motion. *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.). Indeed, courts generally disfavor and rarely grant these motions. *Id*. However, despite the low threshold, a complaint must still meet a minimum standard of pleading. The plaintiff need not provide specific and detailed statement of the facts in the complaint, but need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading … be simple, concise, and direct." *Colby*, 2008 VT 20, ¶ 10; V.R.C.P. 8(a), (e). *Colby* merely requires that a complaint contain factual allegations supporting each element of the claims asserted. *Colby*, 2008 VT 20, ¶10. Additionally, Rule 10(b) of Vermont Rules of Civil Procedure provides that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." V.R.C.P. 10(b). The main purpose of these rules is to give a defendant "fair notice of the claim and the grounds upon which it rests." *Molleur v. Leriche*, 142 Vt. 620, 622 (1983) (quotation omitted). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such a ruling. *Bock*, 2008 VT 81, ¶ 4. Thus, the Court's task is to examine "[if] the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Bethel v. Mount Anthony Union High Sch. Dist.*, 173 Vt. 633, 634 (2002) (mem.) (quotations and alterations omitted).

Mr. Rivard is a pro se plaintiff, and although his unrepresented status does not exempt him from the ordinary operation of the civil rules, it does inform the court's duty to construe the pleadings "as to do substantial justice." V.R.C.P. 8(f). Nonetheless, the court "does not abuse its discretion when it enforces the rules of civil procedure equitably, even against a pro se litigant." *Bloomer v. Gibson*, 2006 VT 104, ¶ 14, 180 Vt. 397; *Nevitt v. Nevitt*, 155 Vt. 391, 401 (1990) ("Although we will not permit unfair advantage to be taken of one who acts as her own attorney, it is not the trial court's responsibility to offer affirmative help to a pro se litigant." (citing *Olde & Co. v. Boudreau*, 150 Vt. 321 (1988)).

**B. Analysis**

*1. Officer Washburn Is Not a Proper Defendant*

Plaintiff's complaint alleges that Officer Washburn unlawfully arrested him, abused his authority in doing so, committed "misdemeanor conduct on duty," and unlawfully disseminated confidential materials about Plaintiff. Complaint at 1 *et seq*. These allegations all concern Officer Washburn acting in his official capacity. Plaintiff's complaint includes no allegations that would support a cause of action against Officer Washburn in his individual capacity. Pursuant to 24 V.S.A. § 901(a), "[i]f [an] action is given against [any appointed or elected municipal officer], it shall be brought against such town … as the case may be." See also *Hudson v. Town of East Montpelier*, 161 Vt. 168, 177 (1993) ("[S]uits against municipal officers must be brought against municipalities; municipalities must assume legal fees incurred by officers sued for their non-malicious acts committed while performing official duties.")

(citing 24 V.S.A. § 901); *Livingston v. Town of Hartford*, No. 482-9-06 Wrcv, 2007 WL 7632579 (Vt. Super. Ct. May 17, 2007) ("… when an action is brought against any appointed or elected municipal officers, it shall be brought against the town.").

Officer Ryan Washburn is such an appointed municipal officer within the meaning of 24 V.S.A. § 901(a).[2] See 24 V.S.A. § 1931(a) ("The legislative body … of a municipality … may establish a police department and *appoint police officers* ….") (emphasis supplied); *Hee v. Everlof*, 812 F.Supp. 1350, 1351 (D. Vt. 1993) (police officers are appointed municipal officers) (citing 24 V.S.A. § 1931(a)). Accordingly, pursuant to 24 V.S.A. § 901(a), Plaintiff's exclusive right of action lies against the Town of Brattleboro rather than Officer Washburn. Thus, Officer Washburn cannot be maintained here as a defendant and must be dismissed from the case.

*2. Brattleboro Police Department Is Not a Proper Defendant*

Plaintiff's complaint alleges that Brattleboro Police Department, along with the Town of Brattleboro, "published a libelous article." Complaint at 5. In determining whether the Court of Appeals erred in failing to apply the distinction between suits against government officials "in their individual capacities" and suits in which only the liability of the municipality itself was at issue, the United States Supreme Court in *Brandon v. Holt* held that municipal departments enjoy "no greater separate identity" from the municipality than would an official acting in his official capacity. 469 U.S. 464, 472 (1985). Accordingly, it is now well settled that suits against officers acting in their official capacities are simply another way of pleading an action against a governmental entity. *Id*. at 472 n. 21. In the instant case, that governmental entity is the Town of Brattleboro, not the Brattleboro Police Department. 24 V.S.A. § 901(a) (an action against an appointed municipal officer must be brought against the municipality). The United States District Court for the District of Vermont extended this reasoning in an action against the Burlington Police Department and found that

> [i]n light of the fact that the Department can only act through its agents or officers, it naturally follows that if the City of Burlington is the properly named party in the lawsuit against the police officers acting in their official capacity, *it must also be the party properly named in the suit against the Department*.

*Hee*, 812 F.Supp. at 1531 (emphasis supplied). The same court also specifically interpreted Vermont law "to determine whether a governmental entity has the capacity to be sued" in *Hollins v. South Burlington Police Department*, No. 2:18-cv-151, 2020 WL 1033335 (unpublished mem.). That later court found that

> [t]here are no statutes or ordinances in Vermont that permits [sic] a suit against a municipal police department. This Court has consistently held that such departments do not have the capacity to be sued. See, e.g., *Bombard v. Volp*, 44 F. Supp. 3d 514, 528 (D. Vt. 2014); *Gorton v.*

---

[2] Plaintiff's own affidavit accompanying the complaint begins by proclaiming that "Officer Ryan Washburn is an employee of the Town of Brattleboro Police Department." Complaint at 3.

*Burlington Police Dep't*, 23 F. Supp. 2d 454, 456 (D. Vt. 1998). The proper defendant for
Plaintiff's municipal liability claims would be the City of South Burlington.

*Hollins*, 2020 WL 1033335 at *3. Thus, Brattleboro Police Department cannot be maintained as a
defendant and must be dismissed from the case. As with Plaintiff's claims against Officer Washburn, his
claim here lies against the Town of Brattleboro rather than the Brattleboro Police Department.

### 3. Unlawful Arrest (Count I)

Plaintiff's complaint alleges that

having no probable cause to believe an assault or crime actually occurred upon a complaint of
[one] person who was not physically injured, described pain, in a matter which was not a felony
offense and not having [a] … witness of the event himself, without questioning me, [Officer
Washburn] did apply for a probable cause warrant, I was arrested at the local homeless shelter
over several hours later, I was handcuffed and did injure my right wrist and did seek treatment
at Urgent Care Brattleboro.

Complaint at 3. Taking all of Plaintiff's allegations as true, Officer Washburn possessed a valid warrant
for Plaintiff's arrest. Based on Plaintiff's narrative, the court cannot determine what in particular
Plaintiff alleges to constitute the unlawful element of his arrest. Without more, Plaintiff's claim
constitutes a mere conclusory allegation insufficient to support a claim for relief. *In Re Cavett*, No. 2016–
055, 2017 WL 262052 at *2 (unpublished mem.) (citing *Smith v. Local, 819 I.B.T. Pension Plan*, 291 F.3d
236, 240 (2d Cir. 2002)). Accordingly, Plaintiff's claim of unlawful arrest (Count I) must be dismissed.

### 4. Abuse of Authority (Count II)

Plaintiff's complaint seems to allege abuse of authority as a separate claim related to his arrest.
Complaint at 1. All that the complaint alleges is that "[t]his speaks of negligence by the officer, in
conduct unbecoming of an officer. I believe the Officer exhibits bias." Complaint at 4. Based on this
narrative, it seems probable that Plaintiff is asserting that Officer Washburn was negligent in arresting
Plaintiff and this constitutes an abuse of authority.

"A police officer is immune from tort liability when he is performing a discretionary act in good
faith during the course of his employment and is acting within the scope of his authority." *Livingston v.
Town of Hartford*, 2009 VT 54, ¶ 13, 186 Vt. 547 (citing *Stevens v. Stearns*, 2003 VT 74, ¶ 15, 175 Vt.
428). "An officer deciding whether to make an arrest is performing a discretionary act in the course of
his employment." *Livingston*, 2009 VT 54, ¶ 13 (citing *Long v. L'Esperance*, 166 Vt. 566, 571 (1997). An
officer has acted in good faith when his acts "did not violate clearly established rights of which the
[officer] reasonably should have known." *Murray v. White*, 155 Vt. 621, 630 (1991). Plaintiff here failed
to articulate any clearly established right that was violated by Officer Washburn's actions. Rather, he
argues generally that "[t]his speaks of negligence by the officer, in conduct unbecoming of the officer."
Complaint at 4. It is even unclear what Plaintiff means by "[t]his." Thus, Plaintiff's claim of abuse of

authority (Count II) must be dismissed for the foregoing reasons and the court need not reach a negligence inquiry.

### 5. Misdemeanor Conduct Committed on Duty (Count III)

Plaintiff's complaint cites "misdemeanor conduct committed on duty." Complaint at 1. As with Plaintiff's previous claims, this count seems to also relate to Plaintiff's arrest. Plaintiff, however, never explains what he means by "misdemeanor conduct committed on duty." It is unclear whether Plaintiff himself wishes to prosecute a misdemeanor, or whether he is alleging that Officer Washburn should have been charged with a misdemeanor but was not. The Vermont Rules of Civil Procedure dictate that

> [a] pleading which sets forth a claim for relief … shall contain (1) a short statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks.

V.R.C.P. 8(a). "The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests." *Molleur v. Leriche*, 142 Vt. 620, 622 (quoting *Mancini v. Mancini*, 136 Vt. 231, 234 (1978)).

Applying this test to the facts of the instant count, Plaintiff does not provide Defendants with "fair notice of the claim and the grounds upon which it rests." *Id*. And although the court is cognizant of Plaintiff's pro se status and does its best to construe his pleadings "as to do substantial justice," V.R.C.P. 8(e), without more, the court refuses to speculate as to the nature of Plaintiff's claim. Accordingly, Plaintiff's claim of "misdemeanor conduct committed on duty" (Count III) must be dismissed.

### 6. Unlawful Dissemination of Confidential Materials (Count IV)

Plaintiff's complaint states "[t]his matter also caused dissemination of confidential material acquired by Brattleboro Officer Ryan Washburn to the Vermont Court Public Portal." Complaint at 4. Plaintiff asserts that "[t]his presents an article 11 VT and US 4 violation." *Id*. The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. Similarly, Article 11 of the Vermont Constitution protects the peoples' right to be free from 'unreasonable government intrusions into legitimate expectations of privacy." *State v. Ford*, 2010 VT 39 ¶ 10, 188 Vt. 17; Vt. Const. ch. I, art. 11.

Plaintiff, however, never specifies what that "confidential material" was, how the dissemination occurred, or why or how it was unlawful in a way to violate the Fourth Amendment of the U.S. Constitution and Article 11 of the Vermont Constitution. And even after making all reasonable inferences from Plaintiff's allegations, the court still does not have enough information to determine that there are facts or circumstances that would entitle Plaintiff to relief. Accordingly, without more, Plaintiff's claim of "unlawful dissemination of confidential materials" (Count IV) must be dismissed.

*7. Libel (Count V)*

Plaintiff's complaint asserts that "… as a result of this groundless arrest and charge the Brattleboro Police Department and the Town of Brattleboro published a libelous article pluralizing the number of violations of [c]onditional [r]elease." Complaint at 5. Plaintiff offers no further detail or support for his claim.

A prima facie claim for libel requires

(1) a false and defamatory printed statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; and (5) some actual harm so as to warrant compensatory damages.

*Lent v. Huntoon*, 143 Vt. 539, 546–47 (1983). A defamatory statement is one that tends to "blacken the reputation of the plaintiff and expose her to public hatred, contempt or ridicule." *Kinsley v. Herald & Globe Ass'n*, 113 Vt. 272, 276 (1943). "[L]iability for defamation must logically be based on some showing of harm to the plaintiff." *Lent*, 143 Vt. at 549. Such harm includes "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Id*. at 549 (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)).

Accordingly, Plaintiff's libel claim must fail because Plaintiff fails to include the content of the allegedly defamatory report, allege that the report was in some way false, or allege that any actual harm resulted from it.

*8. Infliction of Emotional Distress (Count VI)*

Plaintiff also appears to be making a claim of "infliction of emotional distress." Complaint at 1. However, Plaintiff provides no factual support for his claim. The complaint merely states: "infliction of emotional distress." *Id*. A prima facie claim for intentional infliction of emotional distress "must demonstrate outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." *Fromson v. State*, 2004 VT 29, ¶ 14, 176 Vt. 395 (quotation omitted). A plaintiff alleging intentional infliction of emotional distress carries a heavy burden. A claimant will not succeed unless he can show that the defendant's actions were "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable." *Cate v. City of Burlington*, 2013 VT 64, ¶ 28, 194 Vt. 265 (quotation omitted). That outrageous conduct must cause the plaintiff to suffer "distress so severe that no reasonable person could be expected to endure it." *Baldwin v. Upper Valley Servs., Inc.*, 162 Vt. 51, 57 (1994).

No conduct alleged in Plaintiff's complaint approaches outrageous conduct. Nor does Plaintiff ever allege that he suffered extreme emotional distress. Plaintiff's complaint merely lists "infliction of

emotional distress" without ever referring to any sort of emotional damages. Accordingly, Plaintiff's claim of intentional infliction of emotional distress must be dismissed.

### 9. Other Potential Claims

Plaintiff's complaint also merely lists several other terms, including "not legitimate assault," or "discovery rule" without discussing them any further. Complaint at 1. Nowhere does Plaintiff explain what he means by "discovery rule," "not legitimate assault," or allege an event, or a series of events, which would have lent support to any of these potential claims. Without more, the court refuses to speculate, and to the extent that Plaintiff asserts these additional claims, the court does not address them.

### Order

For the foregoing reasons, Officer Washburn and the Brattleboro Police Department are dismissed as defendants, and Defendants' Motion to Dismiss pursuant to V.R.C.P. 12(b)(6) is GRANTED and the matter is dismissed with prejudice on all counts.

**Signed electronically November 20, 2023 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**